UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-24961-CV-SCOLA
MAGISTRATE JUDGE REID

MARIO GODHIGH,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.

_____/

**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

This matter is before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1]. This cause has been referred to the Undersigned for Report and Recommendation on dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2].

Petitioner, **Mario Godhigh**, has previously filed a federal habeas petition attacking his state court conviction in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, **Case No. F14-23894**. The petition was denied as three claims were procedurally barred, one claim failed to support a claim of actual innocence, and two claims were denied on the merits. *See Godhigh v. Jones,*

*et al.*, No. 17-22236-CV-ALTONAGA, Order [CV1-ECF No. 27] (S.D. Fla. Aug. 29, 2018).

Furthermore, Petitioner filed other federal habeas petitions attacking his state court conviction in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, **Case No. F14-23894**. One was dismissed for lack of jurisdiction as the federal habeas petition was second or successive. *See Godhigh v. State of Florida*, No. 18-24562-CV-COOKE, Order [CV2-ECF No. 8] (S.D. Fla. Apr. 30, 2019).

In the instant Petition, Petitioner again seeks to challenge his state criminal proceedings in the same criminal case. [ECF No. 1]. However, "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." Rules Governing § 2254 Proceedings, Rule 9. No authorization has been granted in this case.

The Court lacks jurisdiction to decide this case absent such an authorization from the United States Court of Appeals for the Eleventh Circuit. *See Gonzalez v. Sec'y for the Dep't of Corr.*, 366 F.3d 1253, 1297-98 (11th Cir. 2004) (citing *United States v. Winestock*, 340 F.3d 200, 207-09 (4th Cir. 2003)).

Lastly, because the court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the court may] not issue a [certificate of

appealability]." *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted).

Accordingly, it is **RECOMMENDED** that the Petition [ECF No. 1] be **DISMISSED** for lack of jurisdiction as an unauthorized successive petition.

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 30th day of January, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  **Mario Godhigh**
M28779
Marion Correctional Institution
Inmate Mail/Parcels
Post Office Box 158
Lowell, FL 32663
*PRO SE*